PATRICIA DOYLE-KOSSICK, P.L.C.
4500 South Lakeshore Drive, Suite 575
Tempe, Arizona 85282-7187
Telephone: (480) 222-0291
Fax: (480) 222-0271
email: patricia.doyle-kossick@azbar.org
Patricia Doyle-Kossick, 010217
Attorneys for Wells Fargo Bank, N.A., Wells Fargo Auto Finance

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **In Re:** <br><br> **DAVID GREIGO AND KATHERINE GREIGO,** <br><br> Debtors. | **Proceedings In Chapter 13** <br><br> **No. 2:09-32561 PHX GBN** <br><br> **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

Wells Fargo Bank, N.A., Wells Fargo Auto Finance, a secured creditor in the above captioned matter (hereinafter "Wells Fargo"), by and through its attorneys, Patricia Doyle-Kossick, P.L.C., herewith submits its objection to the Chapter 13 plan on the grounds that it fails to meet the statutory requirements set out in § 1325 of the United States Bankruptcy Code.

Wells Fargo is the owner and holder of a purchase Fargo money security agreement covering collateral described as:

    2005 Nissan Sentra, VIN 3N1CB51D25L514497.

True and correct copies of the Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement and Arizona lien verification evidencing Wells Fargo's first, valid, prior and perfected security interest and lien upon the collateral are attached hereto as Exhibits "A" and "B" and are incorporated herein by reference. The *balance* due and owing to Wells

Fargo as of the date of the bankruptcy filing was $12,384.19, plus accrued and accruing interest at the rate of 15.6% per annum. Monthly payments on this account are $401.60.

**<u>Pursuant to §1325(a) Wells Fargo's claim must be paid the full balance.</u>**

The debtors entered the financing with Wells Fargo on September 10, 2007, which is 829 days prior to the bankruptcy filing. The contact with Wells Fargo is a purchase money contract with the funds being specifically used for the purchase of the 2005 Nissan. Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, revised Section 1325(a) does not permit a chapter 13 plan to adjust, modify or "cram down" a purchase money secured claim on a motor vehicle acquired for the personal use of the debtor, that was incurred within 910 days prior to the bankruptcy filing date. The debtors' loan with Wells Fargo was incurred less than 910 days from the date of filing, and is a purchase money loan for the purchase of a motor vehicle, presumably used primarily for personal purposes.

The debtors' chapter 13 plan attempts to cram down Wells Fargo's claim. The plan only provides to pay $7,300.00 on Wells Fargo's claim. The loan is less than 910 old and the debtors may not cram down the loan with Wells Fargo. The plan must provide to pay the full balance of $12,384.19.

Furthermore, the Debtor's plan must provide to pay Wells Fargo's claim in full, or Wells Fargo is entitled to relief from the co-debtor stay. This loan has a co-borrower on the loan, Stephanie Luna. If the Debtors wants the chapter 13 to protect the co-borrower from collections efforts of Wells Fargo then the Debtors' plan must provide to pay Wells Fargo's claim in full.

Section 1301(c) of the Bankruptcy Code provides as follows:

> On request of a party in interest and after notice and a hearing, the court <u>shall</u> grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that -
>
> (1) as between the Debtor and the individual protected under subsection (a) of this section [co-Debtor stay], such individual received the consideration for the claim held by such creditor;

Page 2
Case 2:09-bk-32561-GBN    Doc 12    Filed 01/08/10    Entered 01/08/10 13:50:39    Desc
Main Document    Page 2 of 4

(2) the plan filed by the Debtor proposes not to pay such a claim; or

(3) such creditor's interest would be irreparably harmed by continuation of such stay.
(emphasis added)

Under Section 1301(c)(2), "[t]here is no limitation of the creditor's right to sue the co-Debtor for the amount or portion not provided for *by the plan* and there is no requirement that suit be deferred while the Debtor pays under the plan during a period of years." In re Jacobsen, 20 B.R. 648, 650 (Bankr. 9th Cir. 1982), *citing* In re Holmes, 9 B.R. 454 (Bankr. D.C. 1981) (emphasis in original). Section 1301(c) provides that the court shall grant relief from the Co-Debtor stay if the plan filed by the Debtor proposes not to pay such secured claim in full, or the creditor's interest would be irreparably harmed by the continuation of the Co-Debtor stay.

**WHEREFORE**, Wells Fargo Bank, N.A., Wells Fargo Auto Finance, respectfully requests that the Chapter 13 plan as proposed be denied confirmation.

**RESPECTFULLY SUBMITTED** this 8th day of January, 2010.

    PATRICIA DOYLE-KOSSICK, P.L.C.

    /s/ *Patricia Doyle-Kossick* SBN 010217
    PATRICIA DOYLE-KOSSICK
    Attorney for Wells Fargo Bank, N.A., Wells Fargo Auto Finance

Copy of the foregoing mailed
the 8th day of January, 2010 to:

David Griego
Katherine Griego
951 S. 240th Drive
Buckeye, AZ 85326

Joseph W. Charles
P.O. Box 1737
Glendale, AZ 85311-1737

Russell A. Brown
3838 N. Central Avenue, Suite 800
Phoenix, AZ 85012-1965

1. */s/ Patricia Doyle-Kossick*